550 So.2d 1117 (1989)
GATOR FREIGHTWAYS, INC., et al., Petitioners,
v.
Roland ROBERTS, Respondent.
No. 73925.
Supreme Court of Florida.
October 26, 1989.
*1118 Henry T. Wihnyk, Richard T. Kilgore and Neal Ganon of Conroy, Simberg & Lewis, P.A., Hollywood, for petitioners.
David A. Snyder, Miami, for respondent.

CORRECTED OPINION
OVERTON, Justice.
We have for review Roberts v. Gator Freightways, Inc., 538 So.2d 55 (Fla. 1st DCA 1989). This is a workers' compensation case in which the district court held that Gator Freightways was the statutory employer of an employee of its independent contractor, who did not carry workers' compensation coverage. We find conflict with Williams v. Pan American World Airways, Inc., 448 So.2d 68 (Fla. 3d DCA 1984), and Florida Power and Light Co. v. Brown, 274 So.2d 558 (Fla. 3d DCA 1973). We have jurisdiction, article V, § 3(b)(3), Florida Constitution, and approve the district court decision in the instant case.
The relevant facts indicate that Gator Freightways, a common carrier, leased trucking equipment from Lucious Reason. The First District Court of Appeal noted:
The contract between Reason and Gator specifically recites that Reason is an independent contractor. The contract provides in part that (1) neither Reason, as contractor, nor any of his drivers or employees shall be deemed to be employees of Gator; (2) if Reason hires employees for services under the contract, he is responsible for providing workers' compensation for his employees; and (3) Reason, as an independent contractor, is subject to the direction by the carrier merely as to the results to be accomplished and not as to the means and methods for accomplishing the results. Moreover, the actions of the parties in this case provide further evidence of Reason's status as an independent contractor. It is apparent that Reason was in charge of his operation. Reason set his own schedule for work, did not earn paid sick leave or vacation, and did not have Gator deduct for income tax, social security or for any other purpose. Reason was responsible for (1) hiring his own employees to help him if necessary; (2) paying all compensation, taxes and workers' compensation for his employees; (3) establishing his employees' schedules; (4) assigning routes for his employees; (5) providing his own vehicles as well as those for any drivers he employs; and (6) paying for the maintenance and repairs on those vehicles.
538 So.2d at 56-57 (footnote omitted). Roland Roberts, one of Reason's employees, operated the leased truck and pulled Gator Freightways' trailer, which was loaded with the common carrier's freight. While unloading an air conditioner from the trailer, Roberts injured himself.
Subsequently, Roberts filed a claim for workers' compensation against both Reason and Gator Freightways. Reason did not have workers' compensation coverage and was dismissed from the suit after entering into a settlement with Roberts. Roberts argued that he was either an employee of Gator Freightways or a statutory employee of Gator Freightways pursuant to section 440.10, Florida Statutes (1985). The deputy commissioner denied Roberts relief, finding that no employer-employee relationship existed between Roberts and Gator Freightways and that Gator Freightways was not a statutory employer. The First District Court of Appeal affirmed the deputy commissioner's determination that Gator Freightways was not Roberts' employer, 538 So.2d at 57, but reversed the deputy commissioner, holding that Gator Freightways was, in fact, Roberts' statutory employer. Id. at 58.
For the reasons expressed by the district court, we agree that Roberts was not an employee of Gator Freightways.
The primary issue before this Court is whether Gator Freightways was a statutory employer of Roberts under section 440.10(1), Florida Statutes (1985), which provides, in pertinent part:

*1119 In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Roberts recognized that, for a company to be a contractor under this section, its primary obligation in performing a job or providing a service must arise out of a contract. Gator argues that its primary obligation is that of a common carrier of freight required by government regulations to provide the general public with transportation services; consequently, the contracts with its customers are not its primary obligation. It contends that the Third District Court of Appeal's decisions in Florida Power and Light Co. v. Brown, 274 So.2d 558 (Fla. 3d DCA 1973), and Williams v. Pan American World Airways, Inc., 448 So.2d 68 (Fla. 3d DCA 1984), control. Gator reasons that, if Florida Power and Light, because of its public utility status, and Pan American World Airways, because of its air common carrier responsibilities, are not statutory employers, then it, as a freight common carrier, is also exempt under section 440.10.
In Florida Power and Light, an employee of a subcontractor which contracted with Florida Power and Light was injured while working with electrical equipment. There, the Third District Court of Appeal held that Florida Power and Light, because of its duty to serve the general public, was not a contractor within the meaning of section 440.10, and, consequently, was not a statutory employer. In Pan American World Airways, a baggage handler employed by a subcontractor of Pan American World Airways was injured on the job. The Third District Court of Appeal held that Pan American World Airways was not a statutory employer under section 440.10 because its primary obligation of transporting luggage was derived from statutory and common law requirements rather than from individual contracts. We expressly reject the exceptions created because the corporations have certain public responsibilities as either a common carrier or a public utility. In our view, there was no legislative intent or purpose to create such exceptions. The First District Court of Appeal correctly expressed the purpose of section 440.10, when it stated that the statute exists to
insure that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking.
538 So.2d at 60. We further agree with the district court that the legislative intent was to "insure that a person performing a contractor's work, even as an employee of a subcontractor, shall be entitled to workers' compensation protection with the primary employer if the subcontractor fails to provide such coverage." Id. Section 440.10 must be read in conjunction with the entire workers' compensation act, and any exceptions to this section must be established by the legislature, not the courts.
Further, this section is not limited to construction contracts, as indicated in State ex rel. Auchter Co. v. Luckie, 145 So.2d 239 (Fla. 1st DCA), cert. denied, 148 So.2d 278 (Fla. 1962).
Accordingly, we approve in full the decision of the district court and hold that Gator Freightways was a statutory employer of Roland Roberts pursuant to section 440.10, Florida Statutes (1985). We disapprove Pan American World Airways, Florida Power and Light, and Luckie to the extent that these cases conflict with the instant decision.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.