686 So.2d 774 (1997)
BROWARD COUNTY, Appellant,
v.
Denzil RODRIGUES, Betty Rodrigues, Sokoni Rodrigues, Tamika Rodrigues, Garfield Rodrigues, Jodiann Rodrigues, and Denzil Rodrigues, Jr., Appellees.
No. 96-1741.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
*775 John J. Copelan, Jr., County Attorney, Tamara McNierney Scrudders and Anthony C. Musto, Assistant County Attorneys, Fort Lauderdale, for appellant.
Darryl L. Lewis of Hutchinson & Lewis, P.A., Fort Lauderdale, for appellees.
STONE, Judge.
The county runs a regional wastewater treatment plant for the benefit of eleven municipalities with which it has contracted to operate the plant and supply wastewater collection, treatment, and disposal services to their customers. The county contracted with Shenandoah Construction Company to maintain pipes, tanks, and sewers at the facility. Rodrigues, a Shenandoah employee, was injured while servicing one of the tanks and sued the county. Shenandoah was required by its contract with the county to supply worker's compensation coverage.
The trial court denied the county's motion for summary judgment on its claim of immunity from suit as the plaintiff's "statutory" employer pursuant to section 440.10(1)(b), Florida Statutes. We reverse. Although the county's written contracts with the municipalities did not specify that the county was obligated to perform the specific duty being supplied by Shenandoah at the time of the plaintiff's injury (cleaning one of the tanks at the facility), it is clear that such duty was directly related and necessary to the county's fulfilling its contractual obligation. The customer-municipalities are the sole accounts serviced by the facility. The cost of the maintenance covered by the Shenandoah contract is passed on to these customers. All of the revenue to operate comes from the eleven municipalities. It is undisputed that the work (removal of debris from the aeration tank to allow transmission and treatment of wastewater) being performed by Shenandoah's employee was necessary to implementing the county's contractual duty.
Section 440.10(1)(b) provides:
(b) In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
The Florida Supreme Court provided a general interpretation of this language in Jones v. Florida Power Corp., 72 So.2d 285, 289 (Fla.1954), explaining that:
[T]he clear implication in this part of the Act is that there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another. To `sublet' means to `underlet', Webster's New International Dictionary; in the context in which it is here used, the effect of subletting is to pass on to another an obligation under a contract for which the person so `subletting' is primarily obligated.
Applying the statute, a contractor (the county) entering into a contractual obligation to a third party (the municipalities) and subcontracting a portion of that work (necessary maintenance) to a subcontractor (Shenandoah) is deemed to be the employer of its subcontractor's employees. As such, it, the statutory employer-county, is responsible for securing coverage for the subcontractor's employees. When the statutory employer does so, either by providing coverage or requiring that the subcontractor do so, the statutory employer is immune from suit for the employee's personal injuries, as worker's compensation is the exclusive remedy. Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla.1989); Delta Air Lines, Inc. v. Cunningham, 658 So.2d 556 (Fla. 3d DCA 1995); § 440.11, Fla. Stat. (1993). We note that section 440.10(1)(b) covers a subcontract of "any part or parts" of the work for which the statutory employer is obligated.
In Delta Air Lines, the airline had subcontracted certain service work to the employer. The court recognized that, as a common carrier, Delta was required to meet certain standards, so that the work performed by the employer was deemed to be necessary for Delta's meeting its contractual obligations. Here, as in Delta, there is an express or *776 implied contractual duty to third party customers requiring the maintenance work which was subcontracted to the employer. However, we note that we need not resolve or address, here, whether we would reach the same result on facts equivalent to those in Delta Air Lines. We have considered Dent v. Florida Power & Light Co., 633 So.2d 1132 (Fla. 4th DCA 1994), but deem it inapposite, as in that opinion there is no indication that the defendant power company had a contractual obligation to install the electrical facilities in connection with which the employee was injured, (even if it may have had a statutory duty to do so), recognizing that to qualify as a "statutory" employer there must be a contractual obligation to a third party. Further, Dent arose out of an order on a motion to dismiss for failure to state a cause of action rather than, as here, a summary judgment. We note that in this case the county's primary duty is not statutory but is purely contractual.
Therefore, the order is reversed and we remand for entry of summary judgment in favor of Appellant.
DELL and KLEIN, JJ., concur.