FARMER, Judge.
We reverse the summary judgment finding liability in favor of plaintiff and directing that trial proceed only on damage related issues. We reject plaintiffs argument that defendant can be considered a statutory employer within the meaning of section 440.10(l)(b).
While an individual property owner who contracts for repairs, as here, on the subject real estate may possibly qualify as a “contractor” and thereby also amount to a statutory employer as a consequence of such contracting, we. are unable to conclude on the present record that such a conclusion is possible. Batmasian owns commercial property, a shopping center, parts of which are leased to several tenants. The roof on the shopping center needed repairs, so he contracted with All Roofing Metal Systems, plaintiffs employer in fact, to make the repairs. The only involvement by Batmasian or his agents with the repair work was to show All Roofing where the leaks were. Otherwise, All Roofing made all decisions as to how to perform the work.
Plaintiff argues that Batmasian became a statutory employer under the Workers Compensation laws because he *158 has contracts with tenants, i.e., leases, and those contracts require that he maintain the premises.[1] That contractual obligation on Batmasian as a lessor in turn, plaintiff contends, makes him liable under section 440.10(l)(b) to provide the statutorily required workers compensation protection, failing which he is liable in this suit for plaintiffs injuries without any showing of fault. We disagree.
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954), the court held with regard to the same argument in functionally identical circumstances that:
“Nor can the Corporation be considered a ‘contractor,’ (and thus the ‘statutory’ employer of Burns’ and Grinnell’s employees) within the meaning of Section 440.10 ... since the clear implication in this part of the Act is that there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another. To ‘sublet’ means to ‘underlet’ ... in the context in which it is here used, the effect of subletting is to pass on to another an obligation under a contract for which the person so ‘subletting’ is primarily obligated. The Corporation, under the facts here present, had no primary obligation under a contract which it was passing on to another. It was not then, a ‘contractor’ within the meaning of the Act.”
72 So.2d at 289; see also Conklin v. Cohen, 287 So.2d 56, 59 (Fla.1973) (“By granting the owners immunity from third-party tort suit, merely because ‘they were acting in concert with the general contractor,’ the ... Court erroneously expanded the single exception to the general rule.... ”); Smith v. Ussery, 261 So.2d 164, 165 (Fla.1972); cf. Gator Freightways Inc., v. Roberts, 550 So.2d 1117, 1119 (Fla.1989) (party is statutory employer when as prime contractor such party employs an independent contractor to perform part or all of its contractual undertaking).
Thus as we read section 440.10(l)(b) Batmasian would qualify as a statutory employer if — apart from his lease obligation to maintain the premises — he had agreed by contract to perform the actual repairs personally and then, in turn, he had subcontracted that repair contract to another. See Rabon v. Inn of Lake City Inc., 693 So.2d 1126 (Fla. 1st DCA 1997) (hotel’s provision of security guards to ensure safety of its guests did not compel finding that guard service was contractual duty hotel owed to its customers); and Woods v. Carpet Restorations, Inc., 611 So.2d 1303, 1304 (Fla. 4th DCA 1992) (“It is absolutely basic, therefore, that one cannot be a ‘contractor’ ... within the meaning of [§ 440.10(l)(b) ] unless the ‘contractor’ has a contractual obligation, a portion of which is sublet to another.”). Because Batmasian cannot be deemed a statutory employer, plaintiff must necessarily prove that he was negligent in some way that resulted in injuries to plaintiff. Conklin v. Cohen, 287 So.2d 56 (Fla.1973).
REVERSED.
WARNER, C.J., and DELL, J., concur.

. See. § 440.10(l)(b), Fla. Stat. (1999) ("In caso a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.”).