757 So.2d 539 (2000)
MIAMI-DADE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Ricardo ACOSTA and Lourdes Acosta, Appellees.
Nos. 3D99-2830, 3D99-2943.
District Court of Appeal of Florida, Third District.
April 12, 2000.
Rehearing Denied May 31, 2000.
*540 Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford and Shelley H. Leinicke (Ft. Lauderdale), for appellant.
Haggard, Parks & Stone, Coral Gables; Deutsch & Blumberg and James C. Blecke, Miami, for appellee.
Before LEVY, GERSTEN, and SHEVIN, JJ.
LEVY, Judge.
Miami Dade County ("the County") appeals from a trial court Order that entered Final Summary Judgment against the County and stated that the County was not Appellee's statutory employer pursuant to section 440.10(1)(b), Florida Statutes. We reverse.
The County owns the property where Miami International Airport is located. American Airlines leases its premises from the County. The lease agreement between American Airlines and the County renders the County responsible for inspecting, assessing, and thereafter remediating the leasehold premises of hazardous substances. After a baggage shed was removed from American Airline's premises, it was discovered that hazardous substances were present on the site. Accordingly, pursuant to the parties' lease agreement, the County contracted with OHM Remediation Services (OHM) to perform soil excavation and remediate the area. OHM, in turn, subcontracted the work to Resource Reclamation Services Industries, Inc. ("Resource Reclamation"). The contract between Resource Reclamation and OHM provides that Resource Reclamation is responsible for obtaining and providing workers' compensation coverage for its employees, which it did.
During the remediation services, another construction crew was working on the employees' parking lot at the Miami International Airport premises. Appellee was injured while passing through the side of the employee parking area of the airport. Appellee, an employee of Resource Remediation, filed for, and recovered, workers' compensation benefits for his injury. Appellee then filed suit against the County as owner of the property and against a contractor and engineering company who maintained the employee parking area construction site. After discovery, the County moved for Summary *541 Judgment on the basis that it was entitled to workers' compensation immunity. The trial court denied the motion and the County appealed. Thereafter, Appellee sought Partial Final Summary Judgment against the County on the same issue. The trial court agreed with Appellee and entered Partial Summary Judgment against the County stating that the County was not entitled to workers' compensation immunity. The County again appealed and the cases were consolidated. We reverse.
Section 440.10(1)(b), Florida Statutes provides:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
§ 440.10(1)(b), Fla. Stat. (1999). To be recognized as a "contractor" within the meaning of section 440.10(1)(b), the County's primary obligation in performing the remediation must arise out of a contract. See Gator Freightways, Inc. v. Roberts, 550 So.2d 1117, 1119 (Fla.1989); Broward Co. v. Rodrigues, 686 So.2d 774, 775 (Fla. 4th DCA 1997) (quoting Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954)). The record here clearly establishes that the County has a contractual obligation to American Airlines to remediate the excavations caused by the removal of the baggage shed. Moreover, the County contracted this obligation to OHM who, in turn, subcontracted with Resource Reclamation, Appellee's employer, to do the remediation. Accordingly, because Appellee's injury occurred while performing those remediation efforts, the County was Appellee's statutory employer pursuant to section 440.10(1)(b). Gator Freightways, 550 So.2d at 1119; Rodrigues, 686 So.2d at 775; Miami Herald Pub. v. Hatch, 617 So.2d 380, 381 (Fla. 1st DCA 1993).
In Miami Herald Publishing v. Hatch, the Court explained that the intent of section 440.10(1)(b) "is to insure that a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking.... [T]he obvious legislative intent [is] to insure that a person performing a contractor's work, even an employee of a subcontractor, shall be entitled to workers' compensation protection with the primary employer if the subcontractor fails to provide such coverage." Hatch, 617 So.2d at 384-85 (quoting Roberts v. Gator Freightways, Inc., 538 So.2d 55, 60 (Fla. 1st DCA) approved, 550 So.2d 1117 (Fla.1989)). See also Rodrigues, 686 So.2d at 775.
It is clear that section 440.10(1)(b) places on the statutory employer, the County here, the responsibility for providing, or ensuring that the subcontractor provides, workers' compensation coverage to its, including its subcontractors', employees. In the instant case, Resource Reclamation secured workers' compensation coverage for its employees as required by its contract with OHM. Moreover, Appellee recovered workers' compensation benefits. With relation to employers, Workers' Compensation benefits is the exclusive remedy for employees who are injured on the job. Consequently, where the statutory employer secures coverage, or ensures that the subcontractor does so, the statutory employer is immune from suit for the employee's personal injuries. See § 440.10(1)(b), Fla. Stat. (1999); Rodrigues, 686 So.2d at 775. Therefore, Appellee is precluded from filing suit against the County for benefits that have already been paid. Accordingly, we reverse and remand the matter with directions to enter *542 Final Summary Judgment in the County's favor.
Reversed and remanded with directions.