FARMER, J.
This appeal presents the identical issue decided in our recent opinion in Batmasian v. Ballachino, 755 So.2d 157 (Fla. 4th DCA 2000). Only the facts are inconsequentially different. Here the putative statutory employer had what appears to be at most a marketing policy to make rental cars available to its automobile service customers. Because the record does not show that this was a contractual obligation that Bayview Cadillac had in turn “sublet” to Enterprise Rent-a-Car, Bayview does *1272 not qualify as a statutory employer under section 440.10(l)(b), Florida Statutes.
Even assuming, however, for argument’s sake that Bayview did in fact have a contractual obligation with its service customers to make rental cars available, as we held in Batmasian it would be a statutory employer within the meaning of section 440.10(l)(b) only if it had actually entered into rental contracts which, in turn, it had then “subbed” out to another person or entity. Because that is not the theory of immunity advanced here by appellee, it follows that the judgment holding Bayview to be a statutory employer should be (and is hereby)
REVERSED.
DELL and SHAHOOD, JJ., concur.