838 So.2d 686 (2003)
Yudi YERO, as Personal Representative of the Estate of Juan Suarez, Deceased, Appellant,
v.
MIAMI-DADE COUNTY, Montenay-Dade Ltd., and Montenay Power Corp., Appellees.
No. 3D01-823.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Leeds, Colby & Paris; Lauri Waldman Ross, Miami, for appellant.
Kubicki Draper and Angela C. Flowers, Miami, for appellees.
Before COPE, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Yudi Yero, the Personal Representative of the Estate of Juan Suarez, Deceased, seeks to reverse an adverse final summary judgment. We affirm.
Yero's husband, Juan Suarez, was an employee of HBH Industrial Service [HBH], a subcontractor engaged to repair *687 certain trash conveyors (trommels) at Miami-Dade County's [County] Resource Recovery Plant [RRP] facility. The RRP is a trash recycling, burning, and landfill facility owned by the County. As the premises owner the County had contracted with Florida Power Corporation to use the premises to produce electricity and sell it to Florida Power Corporation. Montenay[1] is under contract with the County for the operational management of the RRP.
While performing his duties as an HBH employee Suarez was electrocuted. Yero filed a multiple-count wrongful death action against Montenay and the County alleging negligent maintenance of the work site, failure to adopt and maintain adequate safety standards, failure to supervise, and failure to warn. The County and Montenay defended on the basis that the claims against them were barred by workers' compensation immunity.
We agree with the trial court, which correctly determined that the County and Montenay are entitled to workers' compensation immunity pursuant to section 440.10(1)(b), Florida Statutes (1995). That section provides:
"In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment." [e.s.]
HBH, as previously noted, is an independent subcontractor hired by Montenay to fulfill one of Montenay's contractual obligations to the County, i.e., maintaining the trommels. This subcontract relationship made Montenay a statutory employer of the employees of HBH. See Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla.1989). HBH, however, secured the payment of workers' compensation for its own employees and upon Suarez's death HBH's workers' compensation carrier paid benefits to Yero. Under these circumstances Montenay is immune from suit.
As to the County, its 440.10(1)(b) immunity arises out of its having contracted with Florida Power Corporation. The contractual arrangement requires the County to maintain and utilize the premises to generate electricity and sell it to Florida Power Corporation. This makes the County a contractor within the meaning of the statute. See Miami-Dade County v. Acosta, 757 So.2d 539 (Fla. 3d DCA 2000). As HBH secured payment of workers' compensation, the County is immune from suit.
Affirmed.
NOTES
[1] Montenay-Dade, Ltd. and its general partner Montenay Power Corporation are related entities but separate defendants, and will be referred to jointly as "Montenay."