852 So.2d 374 (2003)
CARNEGIE GARDENS NURSING CENTER, Appellant,
v.
Melissa BANYAI, Appellee.
No. 5D02-2070.
District Court of Appeal of Florida, Fifth District.
August 15, 2003.
*375 Jeremy K. Markman of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for Appellant.
W. Clay Mitchell, Jr. of Morgan, Colling, & Gilbert, P.A., Orlando, for Appellee.
THOMPSON, J.
Carnegie Gardens Nursing Center ("Carnegie Gardens") appeals an order summarily denying it's claim to worker's compensation immunity for an incident in which Melissa Banyai, a subcontractor employee, was injured on Carnegie Gardens' premises. We reverse.
Melissa Banyai was an occupational therapist working at Carnegie Gardens pursuant to a contract between Carnegie Gardens and Banyai's employer, Novacare. At her deposition, Banyai testified that on 14 May 1998, when she finished working with a resident at Carnegie Gardens, she was walking down the main hallway of the facility and fell on a sticky spot. Banyai hurt her wrist and neck and subsequently needed surgery. At her deposition, Banyai testified that she had filed a suit for worker's compensation benefits and that her medical bills were being paid through worker's compensation. Banyai testified that it had been determined that she was permanently disabled and would receive disability benefits for the rest of her life.
Banyai sued Carnegie Gardens for damages arising out of the fall, and Carnegie Gardens unsuccessfully moved for summary judgment arguing that it was an employer entitled to worker's compensation immunity. On appeal, Carnegie Gardens argues that it is entitled to worker's compensation immunity because Banyai was, in essence, its employee. Carnegie Gardens reasons that because Banyai received worker's compensation benefits from the staffing agency, Novacare, she is barred from pursuing a negligence suit against Carnegie Gardens. We agree.
A contractor may be immune from suit where worker's compensation has been paid on behalf of the subcontractor. See Yero v. Miami-Dade County, 838 So.2d 686, 687 (Fla. 3d DCA 2003) (holding the subcontract relationship made the main contractor a statutory employer of subcontractor's employees, and where subcontractor had secured worker's compensation for its employees and paid benefits to injured employee, contractor was immune to wrongful death suit); see also *376 § 440.10(1)(b), Fla. Stat.[1] In the instant case, Banyai was employed by Novacare, who provided her worker's compensation coverage. As in Yero, because of this contractual relationship between Carnegie Gardens and Novacare, Carnegie Gardens was the statutory employer of Banyai. And, because Banyai was provided worker's compensation benefits under Novacare's coverage, Carnegie Gardens is immune from suit. See Delta Air Lines, Inc. v. Cunningham, 658 So.2d 556 (Fla. 3d DCA 1995).
Banyai also argues that because she was not actually performing a job duty when she was injured and because she was walking down a hallway available for public use, Carnegie Gardens is not immune from liability. We also disagree with this contention.
This issue was addressed in Vigliotti v. K-Mart Corp., 680 So.2d 466 (Fla. 1st DCA 1996). In Vigliotti, after her shift, but before leaving the store, the employee fell on something on the floor on a path designated for K-Mart employees entering and exiting the store. In addressing whether an employee had to be literally performing work at the time of injury, the district court stated:
We have considered carefully K-Mart's contention that the phrase "work performed" must be construed to include only actual performance of primary job duties by an employee ... Indeed, K-Mart's construction would lead to expensive and time consuming judicial inquiry in a broad range of cases that are now undoubtedly handled administratively without the intervention of attorneys. Scenarios discussed in the briefs and at oral argument included a roofer injured while climbing down a ladder at the end of his shift and a clerical worker injured while taking a restroom break. Under K-Mart's view, employers would be completely free to argue in such cases that work performed did not contribute to the injury, and hearings would then be required on this issue. Such a procedure would be neither efficient nor self-executing.
Id. at 467. The district court held that the employee suffered an injury while in the course of employment and defined the "premises rule:"
[A]n injury is deemed to have occurred in the course and scope of employment if it is sustained by a worker, on the employer's premises, while preparing to begin a day's work or while doing other acts which are preparatory or incidental to performance of his or her duties, and which are reasonably necessary for such purpose.
Id. at 468-469. In this instance, Banyai's walking down a hallway while still on shift after working with a patient was incidental to the performance of duties.
The order ruling that Carnegie Gardens was not entitled to worker's compensation immunity is reversed.
REVERSED.
SAWAYA, C.J., and TORPY, J., concur.
NOTES
[1] Section 440.10(1)(b), Florida Statutes, provides:

In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.