BARFIELD, J.
 

 The defendant in a wrongful death suit appeals the denial of its motion for summary judgment which was based on a claim of immunity under section 440.10, Florida Statutes. We have jurisdiction under Florida Rule of Appellate Procedure
 
 *669
 
 9.130(a)(3)(C)(v). We find that there were no genuine issues of material fact precluding entry of summary judgment, and that under the undisputed facts material to the ruling, appellant was the statutory employer of the plaintiffs decedent and was therefore entitled to summary judgment as a matter of law on both counts of the complaint. We reject appellee’s arguments on appeal, finding each of them to be without merit.
 

 Under section 440.10(l)(a), any contractor or subcontractor who engages in any construction in the state is required to secure and maintain workers’ compensation coverage for his or her employees. Under section 440.10(l)(b), when a contractor “sublets any part or parts of his or her contract work to a subcontractor,” the contractor is liable for the payment of compensation to all employees of the subcontractor who are “engaged on such contract work” unless the subcontractor has secured workers’ compensation coverage. Such a contractor is deemed to be the “statutory employer” of the subcontractor’s employees, liable for payment of workers’ compensation benefits if the subcontractor fails to secure and maintain workers’ compensation coverage for its employees, and is therefore immune from all other liability on account of the employee’s injury or death under section 440.11(1), unless the employer has committed an intentional tort which caused the injury or death.
 
 See Gator Freightways, Inc. v. Roberts,
 
 550 So.2d 1117 (Fla.1989);
 
 Carnegie Gardens Nursing Ctr. v. Banyai,
 
 852 So.2d 374 (Fla. 5th DCA 2003);
 
 Yero v. Miami-Dade County,
 
 838 So.2d 686 (Fla. 3d DCA 2003).
 

 Under section 440.11(l)(b), the employer’s actions “shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence,” either that the employer “deliberately intended to injure the employee” or that the employer “engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee” and the employee “was not aware of the risk because the danger was not apparent” and because the employer “deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.”
 

 An injured worker who receives workers’ compensation benefits but does not pursue a compensation claim to a conclusion on the merits may file an action against the employer for conduct rising to the level of an intentional tort under section 440.11(l)(b),
 
 Jones v. Martin Electronics, Inc.,
 
 932 So.2d 1100 (Fla.2006). However, in
 
 Michael v. Centex-Rooney Construction Co.,
 
 645 So.2d 133 (Fla. 4th DCA 1994), the court found that a subcontractor’s employee who actively chose to pursue workers’ compensation benefits from the subcontractor and voluntarily accepted a lump sum settlement from the subcontractor had elected his remedy in the workers’ compensation forum and was therefore precluded from pursuing a tort action against the general contractor.
 

 The undisputed evidence material to the ruling established that appellant was the general contractor engaged to repave a landing strip at Eglin Air Force Base (the “Duke Field Project”), which included removing the old asphalt, and that under the contract, appellant was required to haul the removed asphalt material from the base and legally dispose of it. The undisputed evidence established that appellant sublet the work of removing the asphalt material from the base to several hauling subcontractors, including Edge
 
 *670
 
 Hauling, Inc., the employer of the plaintiffs decedent; that the Edge Hauling contract described the subcontractor’s work as “[vjarious hauling to supply the asphalt plant, storage yards and job sites with materials
 
 or other job related hauling”
 
 (emphasis added) and required Edge Hauling to secure and maintain workers’ compensation coverage for all its employees; and that the plaintiffs decedent was engaged in dumping a load of asphalt material which had been removed from Duke Field and hauled to appellant’s Freeport facility when the fatal accident occurred. It is further undisputed that Edge Hauling had maintained the workers’ compensation coverage required by its contract with appellant; that the plaintiff entered into a negotiated settlement of her workers’ compensation claims for the death of her husband; and that the settlement agreement included a provision that it represented “a settlement of any and all actions that may arise from the accident referenced herein.”
 

 The complaint against appellant which the plaintiff thereafter filed alleged negligence in the first count and an “intentional tort” in the second count. She alleged that appellant negligently maintained an “inherently unsafe, dangerous, hazardous” worksite and that appellant was aware that the hazardous condition of the mill pile where the accident took place “was virtually certain to result in injury or death,” but she did not allege that her husband was not aware of the risk because the danger was not apparent, nor did she allege that appellant deliberately concealed or misrepresented the danger so as to prevent her husband from exercising informed judgment about whether to perform the work. While there was some dispute in the evidence regarding whether the mill pile was negligently maintained, no expert witness opinion was presented that the condition of the mill pile where the accident occurred was “virtually certain to cause injury or death” as required by section 440.11(l)(b), nor was evidence presented that appellant was aware of such a “virtual certainty of injury or death” based on prior accidents or explicit warnings, nor that the plaintiffs decedent was unaware of the risk, nor that appellant had concealed or misrepresented the risk.
 

 Under these undisputed facts, appellant was entitled to a ruling that it was the statutory employer of the plaintiffs decedent at the time of the accident, that it was therefore entitled to immunity from suit by the plaintiff, that the plaintiff had elected her remedy in the workers’ compensation forum and was therefore precluded from filing suit against appellant, and that the complaint did not sufficiently allege an “intentional tort” as contemplated by section 440.11(l)(b), nor did the plaintiff present evidence sufficient to establish such an intentional tort.
 

 The order denying the motion for summary judgment is therefore REVERSED and the case is REMANDED to the trial court for entry of summary judgment in favor of appellant on both counts of the complaint.
 

 THOMAS and CLARK JJ., concur.