# Third District Court of Appeal
## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-661
Lower Tribunal No. 20-16688
_____

**Fernando Galue,**
Appellant,

vs.

**Clopay Corporation, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Leeder Law and Thomas H. Leeder and Andrew R. Smith (Plantation); Burlington & Rockenbach, P.A., and Jeffrey V. Mansell (West Palm Beach), for appellant.

Clyde & Co US LLP and Frederick J. Fein and Clayton W. Thornton, for appellees.

Vaka Law Group, P.L., and George A. Vaka and Robert C. Hubbard (Tampa), for Florida Justice Association, as amicus curiae.

Before FERNANDEZ, HENDON and LOBREE, JJ.

LOBREE, J.

Fernando Galue appeals from a final judgment entered in favor of Clopay Corporation ("Clopay") and Anthony Julian on each's affirmative defense that Clopay was Galue's statutory employer under section 440.10(1)(b), Florida Statutes (2022), and therefore entitled to statutory employer immunity from Galue's personal injury claim. We find that the sole contractual clause relied upon by Clopay in moving for summary judgment did not oblige it to perform a job or provide a service for a third party (i.e., Clopay's landlord). Therefore, we conclude that when Clopay hired Galue's employer to conduct a fire inspection of its premises it did not sublet "part or parts" of its "contract work to a subcontractor," such that Clopay obtained statutory employer status under section 440.10(1)(b). Accordingly, we reverse the summary judgment entered in favor of Clopay and Julian and remand for further proceedings.

## BACKGROUND

Clopay entered into a lease with KTR SF II LLC for the rental of a portion of a building located in Doral, Florida (the "premises"), which Clopay used as a storage facility for its products. During its tenancy, Clopay hired Florida Fire Safety ("FFS") to conduct an inspection of the premises, including the exit and emergency lights. Galue was a technician for FFS,

2

and he was assigned to do the inspection at Clopay.  While conducting the inspection, Galue noticed that an exit light located behind some pallets needed to be changed.  Galue asked Julian, a Clopay employee, to move the pallets so that he could change the light.  Julian told Galue to stand back, and started moving the pallets with a forklift.  Then, Galue heard a loud noise, and pallets and boxes fell on him. Galue received worker's compensation benefits for his injuries from FFS' worker's compensation carrier.

Galue then brought an action in state court against Clopay and Julian for the injuries he sustained in the forklift incident.  Galue alleged claims for negligence against both Clopay and Julian, and vicarious liability against Clopay.  Clopay and Julian each answered and raised worker's compensation immunity as an affirmative defense.

Clopay moved for summary judgment asserting that Galue's action was barred by worker's compensation immunity.  Specifically, Clopay argued that a clause in paragraph 4 of its lease with KTR SF II, requiring it to "use the Premises in compliance with all federal, state, local, and municipal laws, orders, judgments, ordinances, regulations, codes, directives, permits, licenses, covenants and restrictions . . . applicable to the Premises (collectively, 'Legal Requirements')," meant that it had a contractual obligation to KTR SF II to ensure that fire safety equipment was operational.

3

Clopay asserted that it then delegated its contractual obligation to KTR SF II to Galue's employer, FFS. As a result, Clopay was a "statutory employer" of a subcontractor, FFS, and was therefore immune from liability via the "vertical immunity" set forth in section 440.10(1)(b). Galue opposed Clopay's summary judgment motion, arguing in part that the lease's requirement that Clopay use the premises in compliance with the law was not a service it performed for KTR SF II. Therefore, Clopay was not a "contractor" who sublet "contract work" under section 440.10(1)(b).

The trial court granted summary judgment in favor of Clopay. Relying solely on the lease's requirement that Clopay "use the Premises in compliance with all federal, state, local, and municipal laws, orders, judgments, ordinances, regulations, codes, directives, permits, licenses, covenants and restrictions . . . applicable to the Premises," the trial court found that Clopay "delegated/sublet its contractual obligation [under the lease] to comply with fire safety laws" to FFS. Galue, in turn, was injured "while performing these fire safety services" as an employee of FFS. Thus, the trial court concluded that Clopay was entitled to worker's compensation immunity as Galue's statutory employer under sections 440.10(1)(b) and 440.11(1), Florida Statutes. Galue, Clopay, and Julian filed a joint stipulation that the order granting final judgment in favor of Clopay would apply equally

4

to Julian. Thereafter, the trial court entered final judgment against Galue on his claims against both Clopay and Julian. This appeal followed.

## STANDARD OF REVIEW

A trial court's final summary judgment in favor of a defendant claiming worker's compensation immunity is reviewed de novo. See Heredia v. John Beach & Assocs., Inc., 278 So. 3d 194, 196 (Fla. 2d DCA 2019); Slora v. Sun 'n Fun Fly-In, Inc., 173 So. 3d 1099, 1101 (Fla. 2d DCA 2015).

## ANALYSIS

Under section 440.10(1)(b), a defendant is entitled to worker's compensation immunity as an injured worker's "statutory employer if it is considered a 'contractor' that 'sublet[] any part' of its 'contract work'" to the injured worker's employer. Tampa Elec. Co. v. Gansner, 327 So. 3d 1281, 1284 (Fla. 2d DCA 2021) (quoting § 440.10(1)(b), Fla. Stat.). That subdivision provides as follows:

> (b) In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.

§ 440.10(1)(b). "[T]he purpose of section 440.10 . . . [is] 'to insure [sic] that

5

a particular industry will be financially responsible for injuries to those employees working in it, even though the prime contractor employs an independent contractor to perform part or all of its contractual undertaking.'" Gator Freightways, Inc. v. Roberts, 550 So. 2d 1117, 1119 (Fla. 1989) (quoting Roberts v. Gator Freightways, Inc., 538 So. 2d 55, 60 (Fla. 1st DCA 1989)); see also Crum Servs. v. Lopez, 975 So. 2d 1184, 1186 (Fla. 1st DCA 2008) (explaining that section 440.10(1)(b) "is designed to ensure that employees engaged in the same contract work are covered by workers' compensation, regardless of whether they are employees of the general contractor or its subcontractor").

To be considered a "contractor" under section 440.10(1)(b), an entity must "show that it 'incurred a contractual obligation to a third party.'"[1] Slora, 173 So. 3d at 1101; see also Rabon v. Inn of Lake City, Inc., 693 So. 2d 1126, 1130 (Fla. 1st DCA 1997) ("[W]e read the language of section 440.10(1)(b) as an expression of legislative intent that the sublet work must be an obligation included within a promissory agreement between the

---

[1] Galue does not dispute that a commercial lease is a contract to which section 440.10(1)(b) may apply. See, e.g., Gator Freightways, Inc., 550 So. 2d at 1119 (stating that section 440.10 is not limited to construction contracts); Miami-Dade Cnty. v Acosta, 757 So. 2d 539, 541 (Fla. 3d DCA 2000) (finding that Miami-Dade County had "contractual obligation" for section 440.10 purposes under commercial lease).

contractor and a third party."); <u>Bal Harbour Tower Condo. Ass'n, v. Bellorin</u>, 351 So. 3d 96, 99 (Fla. 3d DCA 2022). That contractual obligation to a third party must in turn be sublet to a subcontractor. <u>See</u> <u>Rabon</u>, 693 So. 2d at 1131 (stating that section 440.10(1)(b) "is expressly limited to circumstances in which a contractor sublets performance of a contractual obligation that it owes to a third party"); <u>Woods v. Carpet Restorations, Inc.</u>, 611 So. 2d 1303, 1304 (Fla. 4th DCA 1992) ("It is absolutely basic, therefore, that one cannot be a 'contractor' (and thus a statutory employer) within the meaning of this statute unless the 'contractor' has a contractual obligation, a portion of which is sublet to another.").

On appeal, Galue argues that Clopay was not a "contractor" for worker's compensation purposes because Clopay did not have a contractual obligation to perform work, services, or a job that arose out of its lease with KTR SF II. Specifically, Galue contends that Clopay's obligation under the lease to "use the Premises in compliance with all federal, state, local, and municipal laws, orders, judgments, ordinances, regulations, codes, directives, permits, licenses, covenants and restrictions . . . applicable to the Premises," did not require it to provide fire safety services to KTR SF II, much less to maintain and repair fire safety equipment. We find that Galue's argument has merit.

7

The fact that a defendant has a contractual obligation to a third party alone does not give that defendant tort immunity as a "contractor" under section 440.10(1)(b). Instead, Florida courts have consistently characterized the contractual obligation, or "contract work," to which section 440.10(1)(b) refers as an obligation on the part of the defendant to perform a *job* or provide a *service*. See Gator Freightways, Inc., 550 So. 2d at 1119 ("Roberts recognized that, for a company to be a contractor under this section, its primary obligation in performing a job or providing a service must arise out of a contract."); Tampa Elec. Co., 327 So. 3d at 1284 ("To be considered a contractor under section 440.10, Tampa Electric's 'primary obligation in performing a job or providing a service must arise out of a contract.'" (quoting Sotomayor v. Huntington Broward Assocs. L.P., 697 So. 2d 1006, 1007 (Fla. 4th DCA 1997)); Slora, 173 So. 3d at 1102 ("Thus, to be immune from tort liability as a contractor, a defendant's "primary obligation in performing a job or providing a service must arise out of a contract." (quoting Derogatis v. Fawcett Mem'l Hosp., 892 So. 2d 1079, 1083–84 (Fla. 2d DCA 2004)); Acme Oil v. Vasatka, 465 So. 2d 1314, 1317 (Fla. 1st DCA 1985) ("To be a contractor under [section 440.10], one must have a contractual obligation to perform some work for another."); see also Bal Harbour Tower Condo. Ass'n., 351 So. 3d at 99 (considering valet services as contractual

8

obligation); <u>Miami Herald Publ'g v. Hatch</u>, 617 So. 2d 380, 382–83 (Fla. 1st DCA 1993) (contractual obligation consisted of duty to use best efforts to publish, deliver, and sell newspapers); <u>Yero v. Miami-Dade Cnty.</u>, 838 So. 2d 686, 687 (Fla. 3d DCA 2003) (finding worker's compensation immunity where county contracted with power company to "maintain and utilize the premises to generate electricity"); <u>Batmasian v. Ballachino</u>, 755 So. 2d 157, 158 (Fla. 4th DCA 2000) (rejecting argument of injured roofing repair worker that landlord was "contractor" because although lease between landlord and tenants obligated landlord to maintain premises "he had [not] agreed by contract to perform the actual repairs personally").

Here, Clopay's contractual obligation to KTR SF II under the cited clause required nothing more than that it restrict its use of the premises in accordance with the general law. Clopay was not obligated to perform a job or service. Thus, Clopay was not a "contractor" that sublet its "contract work" within the meaning of section 440.10(1)(b) when it hired FFS.[2] Indeed,

---

[2] Because we conclude that the lease's provision requiring Clopay to use the premises in compliance with the general law does not call for "contract work," we need not address the rule, emphasized by Clopay, that an entity's status as a statutory employer will not be defeated by the fact that a contractual obligation operates concurrently with a regulatory obligation. See <u>Smith v. Mariner's Bay Condo. Ass'n</u>, 789 So. 2d 1228, 1230 (Fla. 3d DCA 2001) ("recogniz[ing] that an entity that has a contractual obligation, all or part of which is sublet to another, is not exempt from being a statutory employer

Clopay does not quarrel with the contention that "contract work" means a contractual obligation to a third party to perform a job or service. Nor does Clopay defend the summary judgment on the basis that the lease's clause requiring it to use the premises in compliance with the law alone obligated it to perform a job or service for KTR SF II. Instead, Clopay's assertion that it subcontracted "contract work" to FFS rests on *additional* language in the lease requiring it to alter or modify the premises in order to comply with a legal use and to repair, replace, and maintain the premises in good condition. Clopay argues that this additional language, along with cited provision, formed its contractual obligation to perform a service for the landlord, KTR SF II.

The problem for Clopay is that it did not rely on the additional language it now points to on appeal when it moved for summary judgment. Nor does the trial court's order reflect that the trial court relied on, or even considered, the additional language in reaching its conclusion. Therefore this court cannot affirm the summary judgment order based on this argument. Sousa v. Zuni Transp., Inc., 286 So. 3d 820, 823–24 (Fla. 3d DCA 2019) (declining to affirm summary judgment on grounds not raised in summary judgment

under section 440.10 merely because the performance of that obligation is regulated by statute").

10

motion; "[I]t is well-settled that '[t]he [t]ipsy [c]oachman doctrine does not apply to grounds not raised in a motion for summary judgment.'" (quoting Mitchell v. Higgs, 61 So.3d 1152, 1155 n.3 (Fla. 3d DCA 2011))); Nesbitt v. SafePoint Ins. Co., 343 So. 3d 193, 193 n.2 (Fla. 3d DCA 2022) (same).

In this way, Clopay's reliance on this court's decision in Acosta is misplaced. In Acosta, Miami-Dade County leased space at Miami International Airport to American Airlines. The lease made the County "responsible for inspecting, assessing, and thereafter remediating the leasehold premises of hazardous substances." 757 So. 2d at 540. When American Airlines discovered hazardous substances on its premises, it contracted with an entity to remediate the area. While performing remediation services, an employee of a company hired by the remediation entity was injured. The injured worker sued the County, and the trial court denied the County's motion for summary judgment based on worker's compensation immunity. This court reversed, holding that the County was the injured worker's statutory employer under section 440.10(1)(b). Id. at 541. We reasoned that because the County had a "contractual obligation to American Airlines to remediate the excavations," which obligation it then sublet, and the injury occurred while performing remediation efforts, the County was a "contractor" within the meaning of section 440.10(1)(b). Id.

11

Here, unlike in Acosta, under the singular lease provision forming the basis of its summary judgment motion, Clopay did not have a contractual obligation to perform some work (e.g., inspect, assess, or repair fire safety equipment) for KTR SF II.   Thus, Clopay's assertion that Acosta is "factually indistinguishable" from the case at hand and compels a finding that it is a "contractor" under section 440.10(1)(b) lacks merit.[3]

## CONCLUSION

"The statutory terms 'contractor' and 'contract work' plainly and unambiguously posit a party performing work pursuant to a contract with another."  Slora, 173 So. 3d 1099.  Because the only language relied on by Clopay in moving for summary judgment did not oblige it to perform a job or service for KTR SF II, Clopay was not a "contractor" within the meaning of

---

[3] Clopay relies on two additional cases in support of its claim that it was contractually obligated to KTR SF II to provide a service, neither of which helps it.  First, Clopay relies on Clark v. All Roof Systems, LLC, No. 2014-CA-012847, 2016 WL 5957186, at *2 (Fla. 13th Cir. Ct. July 29, 2016), which is a nonbinding decision from a circuit court, and, in any event, is factually distinguishable because the lease provision at issue required the tenant to "make all necessary structural repairs to the Building."  Second, Clopay relies on a per curiam affirmance from the Second District Court of Appeal, Sanchez v. American Sales & Management Org., LLC, 246 So. 3d 302 (Fla. 2d DCA 2017), which has "no precedential value because '[t]he rationale and basis for the decision without opinion is always subject to speculation.'"  White v. AutoZone Inv. Corp., 345 So. 3d 284 (Fla. 3d DCA 2022) (quoting Dep't of Legal Affairs v. Dist. Court of Appeal, 5th Dist., 434 So. 2d 310, 312 (Fla. 1983) (stating that per curiam decision should not be relied on for anything other than res judicata)).

section 440.10(1)(b) when Galue was injured while conducting a fire safety inspection of Clopay's premises as an employee of FFS. Therefore, on this summary judgment record, Clopay is not entitled to immunity from suit as Galue's statutory employer. Accordingly, we reverse the summary judgment entered in Clopay's favor and remand for further proceedings consistent with this opinion.

Reversed and remanded.