658 So.2d 556 (1995)
DELTA AIR LINES, INC., Appellant,
v.
Richard Earl CUNNINGHAM and Aniram Cunningham, Appellees.
No. 95-1098.
District Court of Appeal of Florida, Third District.
June 14, 1995.
Rehearing Denied August 30, 1995.
Kenney, Burd & Markowitz, and William G. Burd and Madelyn Simon Lozano, Miami, for appellant.
*557 Sack, Gladstein & Marks and Lee P. Marks, and Jay M. Levy, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT, and COPE, JJ.
NESBITT, Judge.
Delta Air Lines, Inc. appeals an interlocutory order denying its motion for final summary judgment. We have jurisdiction because the order determined that the defendant was not entitled to worker's compensation immunity as a matter of law. Fla. R.App.P. 9.130(a)(3)(C)(vi). For the following reasons, we reverse.
Delta subcontracted certain cleaning and servicing work to Intex, work previously performed by Delta personnel. As part of the contract, Delta required Intex to maintain worker's compensation insurance for its employees. Richard Earl Cunningham worked for Intex under the Delta subcontract. When he was injured on the job, he applied for and received worker's compensation benefits from Intex for his injury. Cunningham then filed a complaint against Delta seeking damages for his injury, alleging that his injury was a result of Delta's negligence. Delta filed a motion for final summary judgment on the grounds that it was Cunningham's statutory employer under the worker's compensation statute, and it was therefore immune from suit because Cunningham's statutory compensation was his exclusive remedy. The lower court denied the motion, and Delta appeals.
Section 440.10(1)(b), Florida Statutes (1993), states that "[I]n case a contractor sublets any part or parts of his contract work to a subcontractor ... all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment." Here, as a common carrier Delta has an express and implied contractual obligation to its customers to maintain its equipment properly, and it subcontracted part of that overall responsibility to Intex. See 13 Am.Jur.2d, Carriers, § 175 (1964) (common carrier owes public a duty to care for all to the extent of its capacity); § 226 (contract for transport by common carrier may be either express or implied). Pursuant to the explicit language of 440.10, Cunningham is considered to be Delta's employee. See Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla. 1989); Miami Herald Publishing v. Hatch, 617 So.2d 380 (Fla. 1st DCA 1993). Also, in light of section 440.10's language that a contractor may subcontract "any part or parts" of its work, Intex's argument that the work must be primary to the contract fails.
Section 440.11(1) provides, in part, that "[T]he liability of an employer ... shall be exclusive and in place of all other liability of such employer... ." Pursuant to this statute, a successful compensation claim in Florida bars a subsequent damage suit. By establishing that a portion of Delta's contractual obligation to its customers was subcontracted to Intex, Delta is by statute considered to be an employer of Intex. Because Cunningham is, through Intex, a statutory employee of Delta, and because Intex paid his worker's compensation claim, Cunningham is barred from pursuing his negligence suit against Delta. To hold Delta liable in a tort action for the same injury already compensated by Intex through its worker's compensation insurance circumvents the express purpose of the worker's compensation statute. That purpose is to "assure the quick and efficient delivery of disability and medical benefits to an injured worker at reasonable cost to the employer," based "on a mutual renunciation of common law rights and defenses by employers and employees alike." § 440.015, Fla. Stat. (1993). In return for accepting vicarious liability for all work-related injuries and for surrendering traditional defenses, the employer is allowed to treat compensation as a routine cost without exposure to tort litigation, while similarly, the employee relinquishes those tort remedies for a system of compensation which spares the cost, delay, and uncertainty of litigation. Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1981); see also Michael v. Centex-Rooney Constr. Co., 645 So.2d 133 (Fla. 4th DCA 1994); Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984); Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978).
*558 Accordingly, we reverse the interlocutory order denying Delta's motion for final summary judgment, and remand for further proceedings consistent with this opinion.