695 So.2d 822 (1997)
AEROVIAS COLOMBIANAS, LTDA., a/k/a Arca Airlines, Appellant,
v.
Luiz PAIZ and Eulalia Paiz, Appellees.
No. 96-2832.
District Court of Appeal of Florida, Third District.
June 4, 1997.
Rehearing Denied July 9, 1997.
Arthur C. Moller and Mark A. Johnson, Miami, for appellant.
Kaplan and Freedman, Miami; Cooper & Wolfe and Marc Cooper, Miami, for appellees.
Before NESBITT, JORGENSON and SHEVIN, JJ.
*823 NESBITT, Judge.
Arca Airlines appeals an order denying its motion for summary judgment finding that it was not entitled to workers' compensation immunity as a matter of law. We reverse on the indistinguishable authority of Delta Air Lines, Inc. v. Cunningham, 658 So.2d 556 (Fla. 3d DCA 1995), rev. denied, 668 So.2d 602 (Fla.1996).
Paiz' attempts to distinguish Delta are unavailing. Paiz argues that Delta is distinguishable because, in this case, Arca did not have an existing contract to transport cargo in the aircraft Paiz was working on. Paiz further argues that here, unlike in Delta, the airplane being worked on had been out of service for a year before the accident and another six months after the accident. Finally, Paiz argues Arca's contractual obligations to its customers did not require it to paint the airplane; Paiz was preparing an area of the airplane for painting when he was injured.
The fact that this specific aircraft had been out of service and was not specifically designated to carry a certain customer's cargo is not legally relevant. Arca is contractually obligated to its customers to transport their cargo to its intended destination. Which particular aircraft is used to perform the contract is not the customer's concern. In order to meet its contractual obligations, Arca was performing necessary maintenance and upkeep on one of the aircraft in its fleet. Obviously, the purpose of this maintenance and service was to have the aircraft once again fulfilling Arca's contractual obligations to transport cargo.
Similarly, in Delta, this court discussed the fact that Delta had an "express and implied contractual obligation to its customers to maintain its equipment properly, and it subcontracted part of that overall responsibility to Intex." Delta, 658 So.2d at 557. Clearly, it was not relevant to either the customers, or the court's resolution, which airplane Delta used to transport its customers. The important fact is that all airplanes Delta intended to use to fulfill its contractual obligations had to be properly serviced and maintained.
Thus, we reverse the order appealed and remand for entry of summary judgment in Arca's favor.