PER CURIAM.
In this workers’ compensation appeal, Fred Stevens Tree Company (Fred Stevens) appeals an order of the Judge of Compensation Claims (JCC) determining *1110 that it, and not AMS Staff Leasing (AMS), was the employer of the claimant, Scott Harrison, and therefore required to pay all the benefits associated with Harrison’s claim for benefits. The claimant argues that AMS was estopped from denying that claimant was its employee based on the course of dealing of the parties. The JCC erroneously declined to consider whether the doctrine of equitable estoppel could be applied to estop AMS from denying that Harrison is its employee. Accordingly, we reverse and remand for further proceedings.
Fred Stevens, a tree cutting service business, entered into an employee leasing agreement with AMS. Under this agreement, AMS employed the individuals working for Fred Stevens and leased them back to Fred Stevens. AMS processed the employee applications, paid payroll, and provided workers’ compensation and employer liability insurance for the benefit of Fred Stevens. Their agreement required Fred Stevens to provide AMS with all employment paperwork prior to any new hire beginning work. Further, the agreement provided that if the paperwork was not provided prior to start, the new hire would not become an employee of AMS and therefore would not be covered by workers’ compensation insurance.
Harrison executed his employment papers prior to starting work on May 10, 2004. The same day he began working for Fred Stevens, he fell from a ladder while trimming a tree and sustained serious injury. Fred Stevens faxed to AMS the claimant’s application and other paperwork after the accident had occurred. AMS terminated its relationship with Fred Stevens and denied coverage for claimant, asserting that Fred Stevens had failed to adhere to the contract provision which required it to inform AMS of each new hire prior to having the employee begin work.[1] Petitions for benefits were filed against AMS and Aspen Administrators and Fred Stevens, which did not maintain workers’ compensation insurance.[2]
Fred Stevens submitted evidence that, beginning with the first employee leased, Fred Stevens routinely forwarded to AMS employment applications by fax on Tuesdays with the payroll documents. If the employee had begun work before that Tuesday, AMS paid the employee for the days worked before the receipt of the faxed application. In the case of these numerous employees, Fred Stevens paid the entire contracted fee to AMS, which included the rate of pay for the employees and workers’ compensation premiums as well as the fee for utilizing AMS services. AMS never charged Fred Stevens a lesser amount which might have reflected that AMS was not providing workers’ compensation coverage during the days those employees worked prior to the receipt of the initial employment paperwork. The evidence is undisputed that AMS never objected to the procedure by which Fred Stevens provided new employee information with its Tuesday transmission of payroll. The parties acted in accordance with this course of dealings for a year and a half, until Harrison’s accident. At that point AMS advised Fred Stevens that it was enforcing a strict interpretation of the terms of its leasing agreement and terminated the agreement. The JCC ruled that, under the terms of the leasing agree *1111 ment, AMS and its carrier had no obligation to provide workers’ compensation coverage for Harrison and that the doctrines of waiver and estoppel could not be used affirmatively to extend or create coverage for the claimant.
This court has recognized that the doctrine of equitable estoppel may be applied to establish an employment relationship in a workers’ compensation case. See Specialty Employee Leasing v. Davis, 737 So.2d 1170, 1172-73 (Fla. 1st DCA 1999). The elements necessary to establish equitable estoppel are: “(1) a representation as to a material fact that is contrary to a later-asserted position; (2) rebanee on that representation; and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon.” Id. at 1172 (quoting Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla.1981)). Claimant argues that AMS’ course of dealings with Fred Stevens, under which AMS consistently accepted employment applications after the employee commenced work, with Fred Stevens and treated such employees as the employee of AMS for all purposes, constitutes a representation of a material fact on which Fred Stevens relied and, thus, may constitute a factual basis for the application of equitable estoppel. Because the JCC declined to reach this issue below, we do not reach it on appeal. The JCC’s rubng that estoppel did not apply in this case was correct insofar as it could be perceived as a ruling that equitable estoppel may not be used to create insurance coverage. Criterion Leasing Group v. Gulf Coast Plastering & Drywall, 582 So.2d 799, 800 (Fla. 1st DCA 1991). As explained above, however, as recognized in Davis, 737 So.2d at 1172-73, equitable es-toppel may be a basis for finding that claimant was AMS’ employee. Because the JCC declined to consider whether that doctrine can be invoked in this case, we reverse for further proceedings.
On remand, the JCC shall determine whether, under the facts of this case, AMS is estopped to deny that Harrison was its employee. The JCC shall also address whether the determinative issue in this case is whether, as Fred Stevens argues, the leasing agreement should be reformed by virtue of the course of dealings of the parties. If that issue is determinative, the JCC would lack jurisdiction to resolve this dispute and the case must proceed in circuit court. U.S. Home Corp. v. Parker, 404 So.2d 170 (Fla. 1st DCA 1981); compare Tampa Bay Area NFL Football, Inc. v. Jarvis, 668 So.2d 217, 218 (Fla. 1st DCA 1996)(“Although a judge of compensation claims lacks jurisdiction to resolve disputes which encompass only private contractual rights, ... the judge may address contractual rights and obligations which impact an award of compensation benefits.”).
Accordingly, the cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, KAHN, and VAN NORTWICK, JJ., concur.

. On appeal, Fred Stevens also argues that AMS wrongfully terminated the employee leasing agreement. This was not an issue raised below, however, and we decline to consider it for the first time on appeal.

. Additionally, the record indicates that Fred Stevens brought a declaratory judgment action in circuit court seeking an interpretation of the parties' employee leasing agreement.