Juan LACHE, and his wife, Angie Castillo, Plaintiffs,

v.

BAL HARBOUR HOTEL, LLC d/b/a "The St. Regis Bal Harbour Resort," and Starwood Hotels & Resorts Worldwide, Inc. d/b/a "The St. Regis Resort and Residences,", Defendants.

Case No. 1:14–cv–23328–KMM.

United States District Court, S.D. Florida.

Signed May 12, 2015.

Samuel Mark Spatzer, Samuel M. Spatzer, Coral Gables, FL, for Plaintiffs.

Asa Biehl Groves, III, Groves & Verona, Miami, FL, for Defendants.

### *ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

K. MICHAEL MOORE, Chief Judge.

THIS CAUSE came before the Court upon Defendants Bal Harbour Hotel, LLC and Starwood Hotels & Resorts Worldwide, Inc.'s Motion for Judgment on the Pleadings and Alternative Motion for Summary Judgment (the "Motion") (ECF No. 20). Plaintiffs Juan Lache and Angie Castillo filed a Response in Opposition to De-

fendants' Motion (the "Response") (ECF No. 25), and Defendants filed a Reply (the "Reply") (ECF No. 54). With the Court's leave, Defendants filed a Supplemental Reply to Plaintiff's Response. The Motion is now ripe for review.

For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

Defendant Bal Harbour Hotel, LLC, d/b/a The St. Regis Bal Harbour Resort ("The St. Regis Bal Harbour" or the "Resort"), is a full-service, luxury resort in Miami Beach, Florida. The St. Regis Bal Harbour consists of hotel accommodations and privately-owned condominiums. *See, e.g.,* Hirsch Dep. 99:4–21, March 17, 2015, Defs.' Supplemental Reply ("Defs.' Supp. Reply") Ex. C (ECF No. 86–3). Defendant Starwood Hotels & Resorts Worldwide, Inc., d/b/a The St. Regis Resort and Residences (together with the Resort, "Defendants"), is the Resort's sole member and owner.

As part of its amenities package, The St. Regis Bal Harbour offers patrons valet parking services. *See, e.g.,* Hirsch Dep. 16:10–16. Valet parking is the exclusive means of parking at the Resort; no self-parking is permitted. *See, e.g.,* Hirsch Dep. 97:11–98:21, 99:4–21; Sgarbi Dep. 64:17–25, Feb. 20, 2015, Defs.' Supp. Reply Ex. D (ECF No. 86–4). The Declaration of Covenants, Restrictions and Easements for the Bal Harbour Resort (the "Declaration of Covenants") provides:

Parking. All of the parking areas for the use of the Hotel Lot, the Center Lot, the North Lot and the Commercial Lot are located within the Base Shared Facilities. In accordance with the terms of the Development Agreement, there will be no self parking within The Properties and all parking within The Properties will be by valet service.[1]

Declaration of Covenants, Defs.' Supp. Reply Ex. B § 4.4 (ECF No. 86–2).

In November 2011, the Resort contracted with USA Parking Systems, Inc. ("USA Parking") to provide valet services on its premises.[2] *See* Property Agreement (ECF No. 24–1). A little over two years later, USA Parking hired Plaintiff Juan Lache as a valet parking attendant at the Resort. Interrogs. ¶ 18, Defs.' Mot. J. Pleadings and Alternative Mot. Summ. J. Ex. 2 (ECF No. 20–2). Shortly after being hired, on his way to retrieve a car, Lache slipped on water and injured himself. Compl. ¶ 10 (ECF No. 1). Lache applied for and received almost $100,000.00 in workers' compensation benefits through USA Parking. Interrogs. ¶ 18.

In addition to receiving workers' compensation, Lache, together with his wife, Plaintiff Angie Castillo (collectively, "Plaintiffs"), brought this action against Defendants. The three-count Complaint asserts claims for negligence (Counts I and II) and a claim for loss of consortium on the wife's behalf (Count III). *See* Compl. ¶¶ 11–20. Defendants move for summary judgment on the grounds that they are immune from tort liability under Florida's workers' compensation law.

1. This provision applies to all those staying at The St. Regis Bal Harbour, regardless of whether they are hotel guests or condominium owners. *See, e.g.,* Aff. Alex Martin ¶ 6, Defs.' Supp. Reply Ex. E (ECF No. 86–5).

2. The Resort's agreement with USA Parking was memorialized in a November 14, 2011,

participant services agreement, entered into by and between 9701 Collins Avenue, LLC, operating as the St. Regis Bal Harbour Resort & Residences, located at 9703 Collins Avenue, Bal Harbour, FL 33154, and USA Parking, Inc. (the "Property Agreement").

## II. LEGAL STANDARD

 Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56. An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). An issue of fact is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Id.*

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Id.* (citation omitted). In deciding whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *see also* Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Tyson Foods, Inc.*, 121 F.3d at 646 (citations omitted). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. DISCUSSION

Defendants' Motion for Summary Judgment rises and falls on whether Florida's workers' compensation law bars Plaintiffs' tort claims. This issue, in turn, depends on whether the Resort had a contractual obligation to provide valet parking services, which it delegated to USA Parking, Plaintiff Lache's employer. If so, Defendants are immune from suit, and summary judgment is appropriate. If not, they are subject to tort liability, and this Court must allow Plaintiffs' claims to proceed. Based on the evidence, the Court finds that no rational trier of fact could find that the Resort did not delegate to USA Parking its contractually-required valet parking services. Accordingly, because there is no genuine issue as to any material fact, Defendants are entitled to summary judgment.

### A. *Legal Framework*

 Florida's Workers' Compensation Act, Fla. Stat. §§ 440.01 *et seq.* (the "Act"), is a quid pro quo statute—the employee foregoes the right to sue in exchange for the employer's assumption of liability without fault. *Fitzgerald v. S. Broward Hosp. Dist.*, 840 So.2d 460, 462 (Fla.Dist.Ct.App.2003) (citation omitted). Under the Act's statutory employee provision, if a contractor "sublets"[3] or dele-

---

**3.** "By sublet, the [Florida] Legislature essentially meant to 'underlet,' and the effect of subletting is to pass on to another an obligation under a contract for which the person

gates part of its contract work, then the contractor's and subcontractor's employees are "deemed to be employed in one and the same business or establishment," and the contractor is liable for the payment of workers' compensation to the subcontractor's employees, except to those who have secured compensation. Fla. Stat. § 440.10(1)(b). In other words, a contractor is responsible for compensation payments to a subcontractor's employees where the subcontractor fails to provide coverage for its employees, *Employers Ins. of Wausau v. Abernathy*, 442 So.2d 953 (Fla.1983), either by carrying insurance through an authorized carrier or by qualifying as a self-insurer, *Allison Devs., Inc. v. Rudasill*, 202 So.2d 752, 752–55 (Fla.1967). Thus, where an entity assumes the legal status of a contractor, it becomes the "statutory employer" of the subcontractor's employees, and is liable for the payment of workers' compensation benefits if the subcontractor does not secure payment. *Orama v. Dunmire*, 552 So.2d 924, 925 (Fla.Dist.Ct.App.1989). This liability requires only that a contractor *secure* the payment of workers' compensation benefits; it does not impose a duty to actually pay those benefits. *See, e.g., Mena v. J.I.L. Constr. Grp. Corp.*, 79 So.3d 219, 225 n. 1 (Fla.Dist.Ct.App.2012).

■■■■ The liability, moreover, is "exclusive" and "in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death." Fla. Stat. § 440.11(1). So, because the liability to secure compensation is the exclusive form of liability under the Act, once a

contractor does so, it becomes immune from suit. *Motchkavitz v. L.C. Boggs Indus., Inc.*, 407 So.2d 910, 912–13 (Fla.1981) *overruled on other grounds by Employers Ins. of Wausau v. Abernathy*, 442 So.2d 953 (Fla.1983) (citation omitted) ("[A] contractor who sublets part of its work to a subcontractor, being liable to secure coverage for employees of its subcontractor, is also immune from suit by such employees when such coverage has been secured. It is the liability to secure coverage for such employees in the event the subcontractor does not do so that immunizes a contractor from suit by such employees."). A subcontractor employee's recovery for injury or death sustained in the course of the contract work is exclusively for worker's compensation. *Brickley v. Gulf Coast Constr. Co.*, 153 Fla. 216, 14 So.2d 265, 266 (1943).

■■■■ A statutory employer immune from suit is a contractor that sublets any part of its contract work to a subcontractor. *Green v. APAC–Florida*, 935 So.2d 1231, 1233 (Fla.Dist.Ct.App.2006). To be regarded as a "contractor," the entity's primary obligation in performing a job or providing a service must arise out of a contract. *Dunlap v. CSR Rinker Transport*, 978 So.2d 817, 819 (Fla.Dist.Ct.App. 2008). There must be a contractual obligation on the part of the contractor, a portion of which the contractor delegates or sublets to another, thus passing on to another an obligation under a contract for which the contractor is primarily obligated. *See Jones v. Florida Power Corp.*, 72 So.2d 285, 289 (Fla.1954). This primary obligation refers to one under the prime contract between the contractor and a third party, not to any agreement between the contractor and subcontractor. *Crum Servs. v. Lopez*, 975 So.2d 1184, 1186 (Fla.

so 'subletting' is primarily obligated." *Adams Homes of Nw. Florida, Inc. v. Cranfill*, 7 So.3d

611, 613 (Fla.Dist.Ct.App.2009) (citation omitted).

Dist.Ct.App.2008) (citation omitted). Conversely, where an entity is shown to have no primary contractual obligation that it purports to pass on to another, it will not be deemed a "contractor" immune from suit. *Jenkins v. Peddie,* 145 So.2d 729, 731 (Fla.1962).

To illustrate, in *Delta Air Lines, Inc. v. Cunningham,* 658 So.2d 556 (Fla.Dist.Ct. App.1995), Delta delegated certain cleaning and servicing work to a subcontractor. *Id.* at 557. One day an employee of the subcontractor injured himself on the job. *Id.* The employee applied for and received workers' compensation benefits through his employer. *Id.* He then filed a complaint against Delta, alleging that his injury was a result of the airline's negligence. *Id.* Delta moved for summary judgment on the grounds that it was immune from tort liability under Florida's workers' compensation law. *Id.* The trial court denied Delta's motion, and the airline filed an interlocutory appeal. *Id.* On appeal, the Third District Court of Appeals reversed the denial of Delta's motion for summary judgment, holding that the airline was immune from suit as the employee's statutory employer:

> Because [plaintiff] is, through Intex, a statutory employee of Delta, and because Intex paid his workers' compensation claim, [plaintiff] is barred from pursuing his negligence suit against Delta. To hold Delta liable in a tort action for the same injury already compensated by Intex through its workers' compensation insurance circumvents the express purpose of the workers' compensation statute. That purpose is to "assure the quick and efficient delivery of disability and medical benefits to an injured worker at reasonable cost to the employer,"

based "on a mutual renunciation of common law rights and defenses by employers and employees alike."

*Id.* (citation omitted).

## B. The Resort Is Immune from Suit As a Statutory Employer

■ As in *Delta Air Lines,* the Court finds that the Resort is immune from Plaintiffs' tort claims. Pursuant to the Declaration of Covenants, the Resort has a contractual obligation to provide valet parking services to its patrons, which it delegated to USA Parking, Lache's employer, pursuant to the Property Agreement. The Resort is thus a "contractor" and USA Parking its "subcontractor" for purposes of providing valet parking at The St. Regis Bal Harbour. This also means that the Resort is Lache's statutory employer under the Act. And so, as a statutory employee, Plaintiffs' only recourse is workers' compensation—which Lache has already received. Accordingly, Plaintiffs' tort claims fail as a matter of law, and summary judgment in Defendants' favor is proper.

Plaintiffs argue that Defendants are not entitled to workers' compensation immunity because they have failed to establish a contractor-subcontractor relationship between the Resort and USA Parking. *See* Response at 2. In support, Plaintiffs challenge Defendants' reliance on the Property Agreement on two grounds.[4] First, Plaintiffs argue that the Property Agreement does not and cannot support Defendants position because Defendants are not parties to the agreement. *See* Response at 2–3. As Defendants explain, however, "9701 Collins Avenue, LLC was a subsidiary of [Defendants] ... and at all material times USA Parking Systems was operating and

---

4. Plaintiffs also question the existence of a contractual obligation on the Resort's part to provide valet parking services, but as the rec-

ord makes clear, the Resort did in fact have such an obligation.

performing valet parking services on the subject premises pursuant to this agreement for the benefit of patrons and guests of Defendants." Reply at 5. Second, Plaintiffs argue that workers' compensation law affords Defendants no immunity according to the plain language of the Property Agreement. Plaintiffs cite the following language from the Property Agreement:

> As between Participant [9701 Collins Avenue, LLC] and Vendor [USA Parking], Vendor shall be the sole employer of the individuals performing the Services ... for all purposes including, without limitation ... workers [sic] compensation.

Property Agreement § 1.3.1. From this provision Plaintiffs contend that "the Property Agreement was obviously designed to distance the Participant from USA Parking and USA Parking's employees. For liability purposes, and to prevent any claims of compensation due, or perhaps payroll taxes, 970[1] Collins Avenue, LLC wants nothing to do with USA Parking's employees. [This] proves that USA Parking stands alone, and that no other party is an employer of USA Parking's employees." Response at 3–4.

Plaintiffs' argument, however, misconstrues Florida's workers' compensation law. It is the liability to secure coverage for a subcontractor's employees in the event the subcontractor fails to do so that immunizes a contractor from suit. That is precisely what the Resort has done here. By including language in the Property Agreement that makes USA Parking responsible for the payment of workers' compensation to its employees, the Resort has secured coverage for its subcontractor's employees, and thereby immunized itself from Plaintiffs' tort claims.

 In brief, because Plaintiff Lache, through USA Parking, is a statutory employee of The St. Regis Bal Harbour, and because USA Parking paid his workers' compensation claim, Plaintiffs' tort claims are statutorily barred. To hold Defendants liable in a tort action for the same injury already compensated would circumvent the express purpose of the Workers' Compensation Act. That purpose is to "assure the quick and efficient delivery of disability and medical benefits to an injured worker, at reasonable cost to the employer," based "on a mutual renunciation of common law rights and defenses by employers and employees alike." *Delta Air Lines, Inc.*, 658 So.2d at 557. Defendants are therefore entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment is GRANTED.

All other pending motions are DENIED AS MOOT. The Clerk of Court is instructed to CLOSE this case.